J-A05040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN OLMEDO-SERRANO | : | |
| | : | |
| Appellant | : | No. 591 EDA 2023 |

Appeal from the PCRA Order Entered February 10, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008343-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN OLMEDO-SERRANO | : | |
| | : | |
| Appellant | : | No. 592 EDA 2023 |

Appeal from the PCRA Order Entered February 10, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008368-2007

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED MAY 10, 2024**

John Olmedo-Serrano ("Olmedo-Serrano") appeals from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In April 2008, Olmedo-Serrano pleaded guilty to two counts each of attempted murder and criminal conspiracy at two separate trial dockets. On

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

September 30, 2008, the trial court sentenced him to an aggregate term of twelve and one-half years to twenty-five years' imprisonment followed by a consecutive term of fifteen years' supervised probation. Olmedo-Serrano did not file a post-sentence motion, nor a direct appeal from the judgment of sentence.

Olmedo-Serrano filed a timely first PCRA petition in June 2009, which the PCRA court ultimately dismissed. This Court affirmed the dismissal order. *See Commonwealth v. Olmedo-Serrano*, 64 A.3d 284 (Pa. Super. 2013) (unpublished memorandum).

Olmedo-Serrano filed the instant *pro se* petition on July 9, 2020. The PCRA court appointed counsel, who filed an "Amended Motion for a New Trial Based Upon After Discovered Evidence; Alternatively, for Post Conviction Collateral Relief; or Alternatively, for a Writ of *Habeas Corpus* ("Amended Petition"). The Amended Petition alleged that Philadelphia Police Detective Philip Nordo, who interviewed Olmedo-Serrano in 2007 as part of the attempted murder investigation, sexually assaulted him and coerced him into signing a falsified confession. The Amended Petition further argued that "[f]ormer Detective Nordo has been . . . charged, and held for court for trial on multiple counts of rape [and related offenses] stem[ming] from numerous incidents during his employment as a Philadelphia Police Officer in which he sexually assaulted male suspects and witnesses during homicide

investigations."[2]  Amended Petition, 12/29/20, at unnumbered 4.  The PCRA

court determined that the petition was untimely and issued notice of its intent

to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.

Olmedo-Serrano did not respond to the notice and, on February 14, 2023, the

PCRA court dismissed the petition.  Olmedo-Serrano filed timely notices of

appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

Olmedo-Serrano raises the following issue for our review:

> Did the PCRA court err, abuse its discretion, and/or make a mistake and/or error of law when it denied [Olmedo-Serrano's PCRA] petition seeking relief, without an evidentiary hearing on the merits of the PCRA, when [he] claimed[,] based upon newly[-]discovered evidence . . . [that he] was physically coerced by convicted rapist and former homicide detective Philip Nordo, [and that] his guilty plea should have been able to [have been] withdrawn and [that he should have been] allowed to proceed with trial.

Olmedo-Serrano's Brief at 2.

Our standard of review of an order dismissing a PCRA petition is well-

settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it

---

[2] In his brief, Olmedo-Serrano adds that Detective Nordo has been convicted of these crimes.  *See* Olmedo-Serrano's Brief at 2.

[3] As Olmedo-Serrano filed a separate notice of appeal at each trial docket, he has complied with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (stating that when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed").

is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Because Olmedo-Serrano was sentenced on September 30, 2008, he had thirty days, or until October 30, 2008, to file an appeal. ***See*** Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). As Olmedo-Serrano did not file any post-sentence motions nor a direct appeal, the judgment of sentence became final on this date. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Olmedo-Serrano had one year from that date, until October 30, 2009, to file a timely

- 4 -

PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1).  As the instant petition was not filed until July 9, 2020, it is patently untimely under the PCRA's one-year time bar.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1).  Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  One of those statutory exceptions, the newly-discovered fact exception, excuses the untimeliness of a petition where the petition alleges, and the petitioner proves, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"  42 Pa.C.S.A. § 9545(b)(1)(ii).  The due diligence inquiry required by section 9545(b)(1)(ii) is fact-sensitive and dependent upon the circumstances presented.  **See** **Commonwealth v. Burton**, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*).

Olmedo-Serrano initially contends that the PCRA court erred in dismissing his petition as untimely based on its finding that he failed to meet the newly-discovered fact exception.  Olmedo-Serrano maintains that he was sexually assaulted and coerced by Detective Nordo into signing a falsified confession, and that this sexual assault and coercion is sufficient to satisfy the newly-discovered fact exception.  Olmedo-Serrano implicitly concedes that he

was aware of the sexual assault and coercion at the time they occurred; however, he asserts that he delayed bringing these claims due to "fearing . . . reprisals and retaliation to those he cared for and himself [and thus] remained silent[.]" Olmedo-Serrano's Brief at 10.

The PCRA court determined that Olmedo-Serrano was unable to satisfy the newly-discovered fact exception. It reasoned that Olmedo-Serrano's current claim, if true, was personal and known to him when it occurred in 2007, and therefore could not be newly-discovered evidence for PCRA purposes. *See* PCRA Court Opinion, 4/26/23, at 3.[4] Consequently, the PCRA court determined that Olmedo-Serrano failed to satisfy the newly-discovered fact exception. *Id*. at 5.

Based on our review, we conclude that the PCRA court's ruling is supported by the record and free of legal error. Although Olmedo-Serrano argues that he did not bring this claim earlier due to his fear of retaliation, he nevertheless implicitly concedes that he was aware of these facts at the time

_____

[4] The PCRA court further determined that, even if these claims were true, Olmedo-Serrano had numerous opportunities to raise them prior to the Amended Petition, yet he did not. *See* PCRA Court Opinion, 4/26/23, at 3-4 (pointing out that Olmedo-Serrano could have raised these claims at the pretrial stage, plea hearing, in presentence reports, at sentencing, in his initial PCRA petition, or in his *pro se* second petition). The court further noted that Olmedo-Serrano affirmed in his plea colloquy, while under oath, that it was his counseled decision to plead guilty and had been for months prior to entering his plea. *Id*. Additionally, the PCRA court quoted the portion of Olmedo-Serrano's plea colloquy wherein he confirmed to the trial court that no one had forced him or threatened him in any way to plead guilty. *Id*. at 3 (quoting N.T., 4/21/08, at 6).

they allegedly occurred when he was interviewed by Detective Nordo in 2007. *See* Olmedo-Serrano's Brief at 10-12 (describing the sexual assault and coercion and noting his decision to remain silent since the police interview). Therefore, as these facts were always known to Olmedo-Serrano, he has not satisfied the newly-discovered fact exception to the PCRA's time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, the PCRA court lacked jurisdiction to consider the merits of his untimely petition. *See Albrecht*, 994 A.2d at 1093.

We further observe that Olmedo-Serrano's issue, as framed in his statement of questions involved, suggests that he may have also intended to challenge the PCRA court's dismissal of his petition without conducting an evidentiary hearing. Our court has consistently held that:

> The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (brackets and citation omitted).

In his brief, Olmedo-Serrano provides no meaningful discussion of this issue. *See* Pa.R.A.P. 2119(a) (requiring an appellant to include in the appellate brief a discussion of each issue raised with citation to pertinent authorities). Moreover, nowhere in his brief does he attempt to identify an

issue of material fact which would warrant an evidentiary hearing. Thus, as Olmedo-Serrano's second petition was untimely filed, and the record does not reflect that any issues of fact remain that would entitle him to relief, we conclude that the PCRA court properly exercised its discretion in dismissing his petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/10/2024